UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL Z. CASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WADDLE,<br><br>　　　　Defendant. | No.  1:20-cv-01454-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 11)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Daniel Z. Castro ("Plaintiff"), a state inmate proceeding *pro se* and *in forma pauperis*, filed a motion for a preliminary injunction and/or temporary restraining order on November 20, 2020. (ECF No. 11). Plaintiff requests an order prohibiting him from being transferred to another facility and to grant him single cell status. (*Id.* at 4). For the foregoing reasons, the Court recommends denying Plaintiff's motion.

**I.  LEGAL STANDARDS FOR INJUNCTIVE RELIEF**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*,

1

1    504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over
2    a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil
3    Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents,
4    servants, employees, and attorneys," and "other persons who are in active concert or
5    participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based
6    on claims not pled in the complaint, the court does not have the authority to issue an injunction."
7    *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

      An injunction must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (internal quotation marks and citation omitted).

      "To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)

      Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

**II.    SUMMARY OF PLAINTIFF'S MOTION**

In relevant part, Plaintiff's motion states as follows:

> 1) I am currently under the direct control of JEFF LYNCH the warden at california state prison sacramento. Located at 300 prison road, repress,ca95671. 2) Directly due to actions of Correctional OFFICER'S named and un-named within the above action. My LIFE IS IN [jeopardy] from security threat groups. Located within the prison system. 3) The other prison GANG known as G-R-E-E-N-W-A-L-L…..[an organization of CALIFORNIA DEPARTMENT of CORRECTIONS OFFICERS]
>
>                             WHO USE OTHER PRISONERS TO ASSAULT and or KILL…prisoners who file paperwork,litigation,and or cause waves to there program. 4) SINGLE CELL STATUS/HOUSING is the only way

2

> to ensure my safety. 5) SINGLE CELL STATUS/HOUSING is the only way to ensure that documents gathered in this case. will not be destroyed by another prisoner placed into my cell by the GREENWALL. 6) SINGLE CELL STATUS/HOUSING is the only way to ensure that sworn statements made by other prisoners will not be discovered by the greenwall.

(ECF No. 11 at 2) (as in original).

The motion seeks the following relief:

> PLAINTIFF seeks an ORDER that Defendant(s) and their employer The California Department of Corrections and Rehabilitations adult director Kathleen ALLISON. Be ORDERED to SINGLE CELL HOUSE THE PLAINTIFF. TO NOT TRANSFER THE PLAINTIFF.

(*Id.* at 1) (as in original).

### III.  APPLICATION TO PLAINTIFF'S MOTION

The Court recommends denying Plaintiff's motion.

First, Plaintiff is unlikely to succeed on the merits. The Court has entered a screening order, recommending that Plaintiff's complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 16). As such, Plaintiff has not shown "a likelihood of success on the merits and the possibility of irreparable injury," which would permit the Court to enter an injunction. *See Nike*, 379 F.3d at 580.

Second, the injunction does not relate to Plaintiff's claims in this case. Plaintiff's complaint, which Plaintiff filed on October 6, 2020, (ECF No. 1), has no supporting facts whatsoever. It thus does not include allegations that would support Plaintiff's request for an injunction. Because Plaintiff's requested relief is not tied to Plaintiff's complaint in this case, the Court lacks authority to issue the complaint. *See Pac. Radiation Oncology*, LLC, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *see also Nike*, 379 F.3d at 580 (party "may obtain a preliminary injunction" upon "the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor").

Third, Plaintiff has not shown why the proposed injunction "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive

means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Rather, he makes the blanket statement that his proposed relief is necessary. That does not suffice.

Fourth, the injunction is not directed at the Defendant. It is unclear that Defendant has the authority to grant Plaintiff's requested relief. Plaintiff also asks the Court to order CDCR adult director Kathleen Allison to provide single-cell housing for Plaintiff. Allison is not a party to this action. Thus, it is improper to direct an injunction to her. *See Orange Cnty.*, 52 F.3d at 825-26

## IV. FINDINGS AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 11) be DENIED without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 4, 2021**          /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE