UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL Z. CASTRO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>C. WADDLE,<br><br>　　　　　　　Defendant. | No. 1:20-cv-01454-NONE-EPG (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER BE DENIED</u><br><br>(ECF No. 22)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Daniel Z. Castro ("Plaintiff"), a state inmate proceeding *pro se* and *in forma pauperis*, filed a motion for a preliminary injunction and/or temporary restraining order on April 9, 2021. (ECF No. 22.) Plaintiff requests an order granting him single cell status and prohibiting him from being placed in any other facility or housing unit unless for medical reasons. (*Id.*) For the foregoing reasons, the Court recommends denying Plaintiff's motion.

**I.　LEGAL STANDARDS FOR INJUNCTIVE RELIEF**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*,

1

504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

An injunction must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (internal quotation marks and citation omitted).

"To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

## II. SUMMARY OF PLAINTIFF'S MOTION

Plaintiff's motion requests that Jeff Lunch, Warden of California State Prison, Sacramento, and C. Waddle, Correctional Lieutenant at Kern Valley State Prison, and their "successors in office, agents and employees and all other persons acting in concert and participation with them" from the California Department of Corrections and Rehabilitation be restrained from placing an inmate into Plaintiff's cell and transferring Plaintiff to any other facility or housing unit unless for medical reasons. (ECF No. 22 at 2.) Plaintiff argues that "where like here deprivation of a constitutional right is involved No further showing of irreparable injury is necessary." (*Id.* at 4.) Plaintiff also argues that he is likely to succeed on the

merits because other cases have found that a claim for violation of the Eighth Amendment is stated where the plaintiff alleges that a prison official deliberately exposed prisoner to harm by labeling the prisoner a snitch. (*Id.* at 5.) Further, "common-sense tells us being labeled a 'SNITCH' in prison amongst GANG MEMBERS on a LEVEL 4 facility . . . Were the hard-est most dangerous prisoners are housed . . . Is in itself an invitation for trouble." (*Id.*)

Plaintiff also attaches a rules violation report dated June 1, 2017, a supplemental rules violation report dated July 4, 2017, Plaintiff's form 602 dated March 3, 2018, a third level appeal decision dated September 13, 2018, a declaration from a third-party inmate, and a third level appeal decision dated September 13, 2018. (ECF No. 22 at 7-16.)

### III.  APPLICATION TO PLAINTIFF'S MOTION

The Court recommends denying Plaintiff's motion.

First, the Court cannot order an injunction until after the party at whom the injunction is directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Because no defendant has been served yet, the Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See Nike, Inc.*, 379 F.3d at 580. The Court has screened Plaintiff's First Amended Complaint and found that it does not state a cognizable claim. (ECF No. 23.) Plaintiff cites to various authorities in his motion and concludes that they establish that Plaintiff is likely to succeed on the merits. However, according to the motion, those authorities merely establish that a plaintiff may state a cognizable claim for violation of the Eighth Amendment based on the facts alleged in those cases. They have no bearing on whether Plaintiff will be able to establish the allegations in this case, namely that C. Waddle authored a rules violation report labeling Plaintiff a snitch that endangered Plaintiff's life.

Third, Plaintiff's motion goes beyond the allegations of the complaint. Plaintiff's First Amended Complaint alleges that C. Waddle authored a rules violation report in May of 2017 labeling Plaintiff a snitch, and this placed Plaintiff's life in danger. (*See* ECF No. 21.) However, the evidence submitted in support of the motion does not establish that gang members are targeting Plaintiff due to the rules violation report authored by C. Waddle. The declaration from the third-party inmate filed in support of the motion refers to statements allegedly made in 2012, which are not related to the allegations in the First Amended Complaint. (*See* ECF No. 22.) Plaintiff is not entitled to an injunction in this action based on claims not pled in the complaint. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Fourth, Plaintiff has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff if another inmate is placed in his cell or he is transferred to a different facility or housing unit. Plaintiff has not established that anyone at his current institution, or even anyone at CDCR, is failing to follow protocols regarding enemy classification. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Fifth, as explained in the findings and recommendations recommending denial of Plaintiff's first motion for injunctive relief, Plaintiff has not shown why the proposed injunction "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Plaintiff makes the blanket statement that "common-sense" supports the relief he requests. This is insufficient.

Sixth, Plaintiff fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *see also Turner v. Safley*, 482 U.S. 78,

85 (1987) (noting that prison officials are afforded widest latitude in cases involving the administration of state prisons). Likewise,

> housing determinations for prisoners in the custody of CDCR are complex decisions peculiarly within the province of expert prison officials . . . [and] courts must accord substantial deference to prison officials in the administration of matters dealing with the safety and security of their institutions, staff, and prisoners.

*Villery v. California Dep't of Corr.*, 2020 WL 7651976, at *3 (E.D. Cal. Feb. 25, 2020) (citations omitted); *see also Guy v. Espinoza,* 2020 WL 209525, at *11 (E.D. Cal. Jan. 21, 2020) ("[A]n inmate does not have a due process right to be housed with compatible inmates, and housing circumstances that are viewed as less favorable to an inmate do not implicate or infringe on the inmate's liberty interest."). Plaintiff has not shown that the equities favor this Court interfering with a prison housing decision.

Seventh, it is unclear that Defendant C. Waddle has the authority to grant Plaintiff's requested relief. Plaintiff also asks the Court to order Jeff Lynch, the Warden of California State Prison, Sacramento, to provide single-cell housing for Plaintiff and to prohibit Plaintiff from being transferred to any other institution or housing unit. Mr. Lynch is not a party to this action. Thus, it is improper to direct an injunction to him. *See Orange Cnty.*, 52 F.3d at 825-26.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## IV. FINDINGS AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 22) be DENIED without prejudice.

///
///
///
///
///
///
///

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 27, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE